UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,               Case No. 2:24-cr-20604-1

v.                                   Honorable Susan K. DeClercq
                                   United States District Judge

JUSTIN JARRARD WILSON,

              Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTIONS FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF Nos. 3; 4)**

In February 2023, Defendant Justin Jarrard Wilson pled guilty to conspiracy and distribution of narcotic drugs and was sentenced by a judge in the Western District of Pennsylvania to 30 months' imprisonment with three subsequent years of supervised release. ECF No. 1 at PageID.2–6. Wilson completed his prison sentence and began his term of supervised release on September 25, 2024. ECF Nos. 3 at PageID.1; 4 at PageID.1. The following month, jurisdiction was transferred to this Court. ECF No. 2. Now before this Court are Wilson's motions for early termination of supervised release,[1] which is scheduled to end on September 25, 2027. ECF Nos. 3; 4. The government opposes the motion, namely because Wilson has "barely

_____

[1] Although filed three days apart, the motions appear identical and will be assessed together as one.

[served] one year of a three-year term" and has not presented changed circumstances or exceptionally good conduct. ECF No. 8 at PageID.45. But Wilson's probation officer supports his petition for early termination and has already moved him to online reporting only. ECF Nos. 3 at PageID32; 4 at PageID36; 9 at PageID.50. For reasons provided below, this Court will grant Wilson's motions.

After a defendant has served at least one year of a term of supervised release, a district court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)). In making the determination, the Court must consider the factors generally prescribed for imposing a sentence under 18 U.S.C. § 3553(a). These factors are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established from the defendant's crimes; (4) pertinent policy statements issued by the

United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Tavarez¸*141 F.4th 750, 756 (6th Cir. 2025) (quoting 18 U.S.C. § 3553(a)).

The Court must demonstrate that it considered those factors, although it need not specifically address each one. *See id.* at 757 (stating that "the district court need not 'articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors'") (quoting *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010)). New or changed circumstances or a defendant's exceptionally good conduct may be relevant considerations, but they are not "absolute perquisite[s]" for early termination of supervised release. *Hale*, 127 F.4th at 641–42.

Here, Wilson alleges that he "has demonstrated exceptional conduct and reintegration since release, with no reported violations of any supervised release conditions." ECF Nos. 3 at PageID.31; 4 at PageID.35. He emphasizes his continuous employment, steps taken toward purchasing a home, and his personal "resolve to lead a stable, law-abiding life." ECF Nos. 3 at PageID.32–33; 4 at PageID.35–36. The Government counters that Wilson's compliance with his conditions of release and productive employment are insufficient to justify early termination of supervision. ECF No. 8 at PageID.44 (citing cases holding that "law-

- 3 -

abiding conduct and personal successes" are simply expected and not "exceptionally good behavior.")

However, according to Wilson's supervising probation officer in this district, Wilson has been extremely successful in reintegrating into his community. He not only has secured employment, but he has progressively bettered his employment positions through consistently setting and obtaining goals. He has stable housing and is taking steps to apply for a home loan. The probation officer describes Wilson as "determined and motivated" with a "persistent spirit." He presents no identifiable risk to the public nor does it appear that there is anything needed further to deter him from criminal conduct.  Indeed, Wilson has already been moved to online reporting only, ECF No. 9 at PageID.50, which, according to the probation officer, means that Wilson only needs to check-in with the probation department via computer once every four months. This input, from the trained and trusted individual who is most knowledgeable about Defendant's post-release conduct, is persuasive. Indeed, the input of the probation officer is important, and allocating resources to manage the workload of probation officers for only defendants who need it is in the interest of justice. *See United States v. Goodwin*, No. 17-20018, 2025 WL 1982873 at \*2 (E.D. Mich. July 8, 2025); *see also United States v. Anderson*, No. 22-20085, 2024 WL 3272125 at \*2 (E.D. Mich. June 25, 2024).

- 5 -

Therefore, it appears that the goals of sentencing have been met, and to continue supervised release under these circumstances is an unnecessary use of judicial and administrative resources contrary to the interests of justice.

Accordingly, it is **ORDERED** that the Defendant's Motions for Early Termination of Supervised Release, ECF Nos. 3; 4, are **GRANTED**.

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 13, 2026